UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TANYA BOROWSKI,

                Plaintiff,

v.                                            Civ. No.: 6:23-cv-6583

WEST IRONDEQUOIT CENTRAL
SCHOOL DISTRICT,

                Defendant.

## **DECLARATION OF HEATHER L. DECHERT**

Heather L. Dechert hereby swears and affirms, under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at law, duly licensed to practice in the State of New York and this Court, and a partner with the law firm Webster Szanyi LLP, attorneys for Defendant West Irondequoit Central School District (the "District") in the above captioned matter.

2. On October 10, 2023 Plaintiff filed a Summons and Complaint alleging employment discrimination on the basis of national origin, gender, and disability, in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act and the New York State Human Rights Law. (Dkt. 1).

3. The District was served with the Complaint on October 18, 2023, making the District's Answer due by November 8, 2023. (Dkt. 3).

4. On December 5, 2023, I was retained by New York School Insurance Reciprocal ("NYSIR") to represent the District in this matter.

5. That same day I filed an answer to Plaintiff's Complaint on behalf of the District. (Dkt. 4).

6. The District's Answer was filed less than a month after it was due.

7. On December 15, 2023 the District filed an Amended Answer. (Dkt. 6).

8. Four days later, Plaintiff wrote to the Court requesting an entry of default against the District based upon its late answer. (Dkt. 8).

9. On January 2, 2024, the Court directed the Clerk to enter default against the District, (Dkt. 14), which the Clerk entered on January 3, 2024. (Dkt.15).

10. The District now moves to vacate default, and to the extent Plaintiff has moved for default judgment, opposes Plaintiff's motion.

11. The District's delay in responding to Plaintiff's Complaint was not intentional or deliberate.

12. The day after the District was served with the Complaint, the District sent the Complaint to its insurer, New York School Insurance Reciprocal (NYSIR), who verbally informed the District that Webster Szanyi LLP would be assigned to represent the District. (Declaration of James Brennan ¶¶ 8-10; Declaration of Andrew McGee ¶¶ 6-7).

13. However, due to an administrative oversight, Webster Szanyi LLP was not retained to represent the District until December 5, 2023. (McGee Dec. ¶ 9-10). At this time the District learned that it did not file an answer within the time permitted. (Brennan Dec. ¶ 14).

14. As soon as counsel was retained an Answer was filed.

15. Accordingly, the District's delay was not willful.

16. Further, Plaintiff will not be prejudiced by the denial of default judgment or the vacating of the entry of default. This lawsuit is the latest in a series of disputes between Plaintiff and the District regarding the circumstances of her resignation in January 2022. (Brennan Dec. ¶ 16).

17. Plaintiff filed a claim with the Equal Employment Opportunity Commission in March 2022 alleging gender and disability discrimination. All relevant evidence has been preserved since spring 2022, and the District's short delay in responding to the Complaint does not effect the conduct of discovery. (Brennan Dec. ¶¶ 26-28).

18. There is nothing to suggest that any evidence was lost in the short time between when the District's Answer was due and when the Answer was filed.

19. Finally, the District has a meritorious defense to Plaintiff's claims. The District did not discriminate against Plaintiff and she has not alleged a single fact to support claims of harassment or discrimination based on sex or national origin.

20. Plaintiff's single untimely allegation that a coworker called her a "dirty dog" when he found out she had Ukrainian heritage is not actionable and cannot subject the District to liability.

21. Plaintiff's claims may also be barred in part by the applicable statute of limitations, her failure to exhaust administrative remedies and her failure to comply with mandatory prerequisites including filing a Notice of Claim regarding her Human Rights Law Claim, and her failure to timely file a Charge with the EEOC regarding all federal discrimination claims now asserted.

22. The alleged unlawful or inappropriate actions were also the result of discretionary determinations, which provide immunity to Defendants.

23. Finally, Plaintiff did not notify the District of a disability or request an accommodation; therefore, she has no viable claim under the ADA.

24. The District has demonstrated that its default was not willful, Plaintiff would not be prejudiced by vacating default, and it has a meritorious defense to Plaintiff's claims. Accordingly, the District has established good cause for vacating default and denying Plaintiff's motion for default judgment. (*See also* accompanying Memorandum of Law).

25. For the reasons set forth above, and in the accompanying Memorandum of Law and Declarations of James Brennan and Andrew McGee this Court should vacate the entry of default against the District and deny Plaintiff's motion for default judgment.

Dated: January 5, 2024

/s Heather L. Dechert
Heather L. Dechert