UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TANYA BOROWSKI,

                Plaintiff,

v.                                    Civ. No.: 6:23-cv-6583

WEST IRONDEQUOIT CENTRAL
SCHOOL DISTRICT,

                Defendant.

## DECLARATION OF JAMES BRENNAN

James Brennan hereby swears and affirms, under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Assistant Superintendent for Finance for West Irondequoit Central School District (the "District"). I have been employed by the District for twenty-seven years, and in my current position for close to ten years.

2. As Assistant Superintendent for Finance, one of my responsibilities is to ensure that any document served on the District asserting a claim for damages is properly submitted to the District's insurance carrier, New York School Insurance Reciprocal ("NYSIR").

3. NYSIR defends and indemnifies the District for certain types of claims.

4. The District has purchased insurance from NYSIR for many years.

5. After a claim is submitted to NYSIR, NYSIR reviews the claim to ensure there is coverage and if there is coverage, assigns counsel to defend the claim.

6. NYSIR then notifies the District that counsel has been assigned and provides the law firm retained to represent the District.

1

7. The District was served with the Complaint in this matter on or about October 18, 2023.

8. On October 19, 2023, I sent the Summons and Complaint to NYSIR via email. A copy of my October 19, 2023 email is attached as **Exhibit A**.

9. I believed that NYSIR would retain counsel to represent the District, as it had in the past, or alternatively, would issue a letter disclaiming coverage.

10. On or about October 20, 2023, I spoke with NYSIR Claims Counsel Andrew McGee. He notified me that he was going to assign this case to the law firm of Webster Szanyi LLP.

11. Based upon my past experience, I did not believe there were any other steps I needed to take to ensure that the District properly responded to the Complaint.

12. In late November 2023, I learned that Webster Szanyi LLP had not contacted the District's Assistant Superintendent for Human Resources about the claim. I left a voicemail for Mr. McGee asking for an update shortly thereafter.

13. On December 5, 2023, I followed up with NYSIR via email because the District had not yet heard from Webster Szanyi LLP about the claim. A copy of my December 5, 2023 email is attached as **Exhibit B**.

14. On December 5, 2023 I was contacted by Heather Dechert of Webster Szanyi LLP and Andrew McGee of NYSIR. Ms. Dechert informed me that she had been retained by NYSIR to represent the District. It was at that time I learned that the deadline for the District to respond to the Complaint had passed.

15. The District's delay in responding to the Complaint was not intentional or deliberate.

16. Further, the present lawsuit is the latest in a series of disputes between Plaintiff and the District regarding Plaintiff's allegations of discrimination and her resignation from the District in January 2022.

17. Plaintiff was hired by the District as a cleaner in October 2020.

18. She was assigned to Dake Junior High School working 5.75 hours per day as a ten-month employee.

19. In November 2021, Plaintiff requested to work fewer hours to accommodate her Social Security Disability Income cap. Plaintiff did not notify the District she had a disability or request an accommodation due to a disability.

20. Although the District was unable to offer a shortened schedule at Dake Junior High School, it offered Plaintiff the choice of two other positions which required fewer hours, one of which was located at an elementary school.

21. Plaintiff accepted the elementary school cleaner position, however, when it came time for her to report to her new building in January 2022, she did not do so and instead reported to Dake Junior High School.

22. The District directed Plaintiff to report to the elementary school, but Plaintiff refused.

23. Plaintiff expressed discomfort with being in the school building alone, so the District offered to modify Plaintiff's schedule to start earlier when other people would still be present in the building. Plaintiff did not accept the schedule change.

24. District administrators held a meeting with Plaintiff in January 2022 to discuss her assignment, but Plaintiff abruptly left the meeting after stating she would not work at the elementary school, and then stated she would be returning her keys.

25. The next day the District notified Plaintiff via email that it accepted her resignation.

26. On March 31, 2022 Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission and on August 5, 2022 she filed a claim with the New York State Division of Human Rights.

27. The District responded to both the EEOC and SDHR complaints, defending against Plaintiff's claims of discrimination. Copies of the District's Responses to the EEOC and SDHR (without exhibits) are attached as **Exhibit C**.

28. The District has preserved all relevant evidence related to Plaintiff's claims of discrimination since her EEOC claim was filed in March 2022.

29. In January 2023 the SDHR issued a Determination and Order of Dismissal for Administrative Convenience.

30. On July 24, 2023 the EEOC issued Plaintiff a Determination and Notice of Right to Sue.

31. Plaintiff then filed the present action in October 2023.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing it true and correct.

Dated: January 4, 2024

James Brennan