# EXHIBIT C

**HARRIS BEACH**
ATTORNEYS AT LAW

July 22, 2022

99 GARNSEY ROAD
PITTSFORD, NEW YORK 14534
585.419.8800

LAURA M. PURCELL
MEMBER
DIRECT:  585.419.8730
FAX:     585.419.8801
LPURCELL@HARRISBEACH.COM

U.S. Equal Opportunity Commission
300 Pearl Street, Suite 450
Buffalo, NY 14202

     RE:    **Tanya M. Borowski v. West Irondequoit CSD**
              **EEOC Charge 525-2022-00979**

Dear Ms. Mulligan:

     This firm represents the Respondent, West Irondequoit Central School District (the "District" or "Respondent") in the above-referenced matter. This submission is the District's response and statement of position to a claim by Tanya M. Borowski (the "Complainant") of discrimination based on disability and retaliation. This submission itself, and all accompanying attachments, are being provided in response to your request, and in confidence, for use by your office in processing the Charge. The District does not concede the admissibility of any portion of this submission for purposes of any future judicial or administrative proceeding. Further, because the information contained herein is highly confidential, the District requests that the EEOC keep it in confidence and not release it to any non-party without obtaining the District's prior consent. The District reserves the right to modify or supplement this response as additional information becomes available.

     In summary, the District adamantly denies discriminating or retaliating against the Complainant in any manner or on any basis whatsoever and submits that its actions relative to a determination as to Complainant through an interactive reasonable accommodation process were made in accordance with law. Accordingly, the District requests that the EEOC dismiss the Charge summarily and in its entirety.

**Background Factual Information**

     Complainant was appointed to be a part-time cleaner for the District effective October 5, 2020. She was assigned to Dake Jr. High School working 5.75 hours per day as a 10-month employee. Her regularly scheduled hours were 5:15 p.m. to 11:30 p.m. (Appointment Notice attached as Exh. "A"). On or about November 3, 2021, Complainant texted John Conti, the District's Executive Director of Operations asking that her hours be reduced because she was in jeopardy of losing her SSDI benefits. Mr. Conti indicated that he would look into what he could do and asked follow-up questions so that he could assess the situation. Complainant indicated that

U.S. Equal Opportunity Commission
July 22, 2022
Page 2


**HARRIS BEACH**
ATTORNEYS AT LAW

as of December 3, she would no longer have benefits unless she had reduced hours of no more than 4.25 hours per day, five days per week. (Relevant text message attached as Exh. "B").[1]

Mr. Conti reviewed the cleaning needs at Dake and determined that the allocation of 5.75 hours per day was necessary to complete the essential functions of the Dake cleaning position due to the size of the building, the number of personnel and students, and the frequency of afterschool activities. However, he identified two other cleaning positions in the District that were available with fewer hours that would accommodate Complainant's request: (1) a first-shift District-wide float cleaner; and (2) a second-shift cleaner at Listwood Elementary School. Mr. Conti offered Complainant her choice of the assignments. Complainant indicated that she did not want the float position that was during the day. Given that, on or about November 15, 2021, Mr. Conti took Complainant to Listwood so that she could see the building and what her responsibilities there would entail. On November 18, 2021, Complainant texted Mr. Conti thanking him for taking her to Listwood and stating that she would like to be assigned to that position. Mr. Conti indicated to her that the move to the new assignment would occur on January 1, 2022. Until then he indicated that she could temporarily work 4.25 hours at Dake in order to accommodate her SSDI benefits. Mr. Conti then notified James Brennan, Assistant Superintendent for Finance, of the change and indicated that the District needed to post a vacancy seeking applicants for the 5.75 hour Dake position that Complainant was vacating. By notice dated December 6, 2021, Assistant Superintendent for Human Resources Michelle Cramer sent written confirmation to Complainant of the change in assignment from Dake to Listwood. (Relevant text message and Job Change notification attached as Exh. "C").

Subsequent to receiving the Job Change notification, Complainant contacted Ms. Cramer indicating that she didn't know what it was for and that she wasn't sure she wanted to move to Listwood. Ms. Cramer explained what had occurred and that the change was due to a request made by Complainant in order to accommodate her SSDI benefits. Complainant acknowledged this. Ms. Cramer indicated that Mr. Conti could once again take Complainant to Listwood so that Complainant could meet Norm Christ, the building's Custodian, to help ease her transition into the new placement. This visit occurred on or before December 10, 2021. Following that visit, Complainant texted Mr. Conti thanking him for taking her to Listwood but stating that she wanted to keep her position at Dake. She asked if she could keep her hours the same (5.75), but put in for 1.5 hours of "comp time" every day. (Relevant text messages attached as Exh. "D"). Mr. Conti met with Complainant to explain that she could not do this.

"Comp time", short for compensatory time, is when employers compensate their employees for overtime hours with time off, instead of overtime pay. The entitlement to and use of comp time for cleaners is set forth in the collective bargaining agreement ("CBA") between the District and the West Irondequoit Maintenance Employees' Organization ("WIMEO"). Per the CBA, a 10-month part-time unit member such as Complainant may accrue no more than twenty hours of comp time per school year and must request its use from the Executive Director of

---

[1] Mr. Conti did not ask about, nor was he informed of, Complainant's underlying disability for which she was receiving such benefits. Based upon Complainant's request, he simply identified positions that would be consistent with her stated hours need. Complainant had never identified the need for accommodation for any disability during her employment.

U.S. Equal Opportunity Commission
July 22, 2022
Page 3



**HARRIS BEACH**
ATTORNEYS AT LAW

Operations. Comp time was not applicable to Complainant's situation (she had not earned any comp time) nor could it appropriately be used as Complainant requested. Despite Mr. Conti's explanation that she could not use comp time in such a way, Complainant began listing comp time on her time sheet. Complainant's timecard was corrected by administrative staff. (Timesheets attached as Exh. "E").

On January 3, Complainant did not report to Listwood as assigned. Instead she reported to Dake. Given that, Mr. Conti asked Complainant to attend a meeting on January 5, 2022 that would include Ms. Cramer, Mr. Conti, and Mr. Christ in his role as WIMEO President. At the meeting, Ms. Cramer asked what was needed to assist Complainant with her transition to Listwood. Complainant expressed anxiety about being in that building alone during the assigned times for her shift (5 – 8:30 p.m.). Ms. Cramer and Mr. Conti offered to adjust her start and end times to 2:30 – 6:00 so that she would not be in the building alone at night. Ms. Cramer explained that Mr. Christ would be present for much of her shift as would the building principal and teachers. Ms. Cramer also noted that District Office personnel would be in the attached building next door until at least 5:00 p.m. on a daily basis. Ms. Cramer indicated that Complainant could have time to think about the hours and what else she would need to be comfortable at Listwood and to let them know by January 6th. Complainant called in sick from her responsibilities on January 6th and 7th. Complainant did not provide any additional information to the District about what she had termed as "anxiety" or any other specific accommodations that would help her transition to Listwood.

Complainant then continued reporting to her Dake shift and recording comp time. (*See* Exh. "E"). On January 14th, Ms. Cramer again met with Complainant. Ms. Cramer explained that Complainant could not continue to reporting to Dake and recording comp time. Complainant stated that she would not go to Listwood. She then left the meeting. She then told another cleaner, Debra Scheer, that "she couldn't be here" and "would get her keys" to Mr. Christ. By letter dated January 15, 2022, Ms. Cramer notified Complainant that it accepted her resignation. (Cramer communication attached as Exh. "F").

**Response to Specific Allegations**

**1) During my employment I observed male cleaners receive better treatment than female cleaners.**

The District denies this allegation generally and notes that Complainant provided no specific information to which the District can respond.

**2) Although I was offered a floater assignment and an assignment at a different school Listwood, neither assignment would comport with the accommodations needed because of my disability. Despite this I was advised that I would begin at Listwood on January 3, 2022.**

The District denies these allegations. In this case, the accommodation requested by Complainant was a reduction in her work hours due to its impact on her receipt of Social Security Disability

U.S. Equal Opportunity Commission
July 22, 2022
Page 4



Insurance benefits; no specific disability or other accommodations were identified by Complainant prior to January 3, 2022.

As is noted above, the District, through Mr. Conti, immediately indicated that it would look into her request and determine what could be done. Mr. Conti first considered whether or not he could accommodate Complainant's request to reduce her hours in her current assignment. He determined however, that due to building needs and staffing limitations, the hours required to perform the essential functions of Complainant's position needed to remain at 5.75 hours. It would be an undue hardship on the employer to leave 7.5 hours unfilled at the building per week; nor could the District reasonably fill a vacancy for a 1.5 hour per day position. However, Mr. Conti identified two other part-time cleaning positions in the District that would involve similar cleaning responsibilities and would meet Complainant's need for a reduced hour assignment. Complainant was offered her choice of the two positions. She accepted the Listwood position.[2]

On January 5, 2022, during a meeting called by Ms. Cramer due to Complainant's failure to report to her new assignment at Listwood, Complainant stated only that she had anxiety about being alone in the building. The District immediately indicated that they would adjust the hours for the shift from 5 to 8:30 to 2:30 to 6:00. Ms. Cramer also asked Complainant for information as to other accommodations that would help ease the transition to Listwood. Complainant did not provide any additional information at that time or on a later date.

> **3) On January 14, 2022, I attended a meeting with management. Michelle Cramer, Human Resource Representative, denied that I had a disability, even after I disclosed the specific nature of the disability to my employer.**

The District denies these allegations. As previously detailed, on January 5, Complainant had disclosed that she was anxious about being in the building in the evening. The District immediately offered to adjust her start time to begin at 2:30 p.m. rather than 5:00 p.m. Ms. Cramer invited Complainant to think about this and also to provide any additional information about accommodations that might be helpful in her transition.

During the meeting on January 14, 2022, Ms. Cramer explained to Complainant why she could continue at Dake due to her need to limit her hours in order to continue to receive SSDI benefits. She also explained that Complainant did not have "comp time" nor, even if she did, could it be used in the manner Complainant desired. She told Complainant that she needed to begin her assignment at Listwood. Ms. Cramer did not tell Complainant that she did not have a disability,

---

[2] While not conceding that the receipt of SSDI benefits constitutes a disability requiring accommodation under the ADA, the District notes that Mr. Conti fulfilled all ADA requirements. Under the ADA, an employee who needs a modified or part-time schedule because of his/her disability is entitled to such a schedule if there is no other effective accommodation and it will not cause undue hardship. If there is undue hardship, the employer must reassign the employee if there is a vacant position for which s/he is qualified and which would allow the employer to grant the modified or part-time schedule (absent undue hardship).

U.S. Equal Opportunity Commission
July 22, 2022
Page 5



that she was "stealing time" or that she would face "serious consequences" if she stayed employed by the District.

### 4) On or about January 15, 2022, I was notified of my termination. I believe that I was terminated because of my disability and in retaliation for requesting a reasonable accommodation.

The District denies these allegations. Complainant resigned from her position on January 14, 2022 when she stated she would not work at Listwood, left a meeting with Ms. Cramer saying "I just can't be here" and then stated to another employee that she would get her keys to Mr. Christ. The District notified Complainant on January 15th that it accepted her resignation. (*See* Exh. "F").

Further, contrary to Complainant's allegation, the District did not retaliate against Complainant for requesting an accommodation. The District went out of its way to accommodate Complainant by taking the following actions:

- In November 2022, after her request, identifying two part-time positions that would meet her stated hours requirements for continue receipt of SSDI benefits (one day shift position which she declined and one night shift position which she accepted);
- In November and December 2022, working with Complainant on her transition to the new building;
- On January 5, 2022, immediately offering to change the hours of the night shift position she had accepted to meet her stated anxiety about being alone in the building **and** asking her to provide other information about what would make her comfortable in the position.
- Refraining from taking any disciplinary action against Complainant despite her submitted incorrect timecards for December 2021 and January 2022;
- Refraining from taking any disciplinary action against Complainant for failing to report to work at her assigned building from January 3rd forward.

From the time that Complainant requested the District to reduce the number of hours she was working, the District fully engaged in the interactive process with Complainant, offered her the ability to provide information, and offered her multiple accommodations to meet her stated needs. In doing so, the District has fully met its obligations to Complainant. While Complainant may be entitled to an accommodation, she is not entitled to the one specific accommodation she seeks (reduced hours at a specific building), especially as it is one that the employer cannot grant due to undue



ATTORNEYS AT LAW

hardship. Thus, for the foregoing reasons, Respondent respectfully requests that Complainant's charge be dismissed in its entirety.

Very truly yours,

HARRIS BEACH PLLC

Laura M. Purcell

LMP:kmt

**HARRIS BEACH**
ATTORNEYS AT LAW

August 16, 2022


RECEIVED
AUG 1 8 2022
By: M. Cramer

99 GARNSEY ROAD
PITTSFORD, NEW YORK 14534
585.419.8800

LAURA M. PURCELL
MEMBER
DIRECT:   585.419.8730
FAX:       585.419.8801
LPURCELL@HARRISBEACH.COM

Julia B. Day, Regional Director
New York State Division of Human Rights
One Monroe Square, Suite 308
Rochester, NY 14607

    RE:    Tanya Borowski v. West Irondequoit Central School District
            Case No. 10218984

Dear Ms. Day:

This Firm represents the West Irondequoit Central School District, Respondent in the above-referenced matter. Please be advised that Complainant has already filed a complaint of discrimination based upon disability with Equal Employment Opportunity Commission (**EEOC Charge No. 525-2022-00979**) based upon the same set of circumstances as set forth in her State Division complaint. The District has submitted a Position Statement in that matter. I have enclosed both the Charge and Position Statement for your information.

In order to avoid duplication of time and effort as well as increased expense in processing the same claims with two agencies, Respondent requests that the matter continue to be processed by the EEOC.

Please feel free to contact me with any questions.

                                Very truly yours,

                                HARRIS BEACH PLLC

                                Laura M. Purcell

LMP:kmt
Enclosures

cc:    Michelle Cramer ✓