UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TANYA BOROWSKI,

                       Plaintiff,

v.                                          Civ. No.: 6:23-cv-6583

WEST IRONDEQUOIT CENTRAL
SCHOOL DISTRICT,

                       Defendant.
_____

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND CROSS-MOTION TO VACATE DEFAULT**


                                                    **WEBSTER SZANYI LLP**
                                                    Attorneys for Defendant
                                                    657 Persons Street
                                                    East Aurora, NY 14052
                                                    (716) 842-2800
                                                    hdechert@websterszanyi.com
                                                    mhayes@websterszanyi.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ........................................................................................................................ 1

LEGAL STANDARD ................................................................................................................. 1

ARGUMENT .............................................................................................................................. 4

    I. The Entry of Default Should Be Vacated and Plaintiff's Motion for Default Judgment Denied ................................................................................................... 4

        A. The District's Delay Was Not Willful .......................................................... 5

        B. Plaintiff Will Not Be Prejudiced ................................................................... 8

        C. The District Has a Meritorious Defense ....................................................... 9

CONCLUSION ......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*,
   92 F.3d 57 (2d Cir. 1996) ............................................................................................... 8

*Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton
   Masonry & Const., LLC*,
   779 F.3d 182 (2d Cir. 2015) ........................................................................................... 5

*Curry v. Penn Credit Corp.*,
   2015 WL 6674922 (W.D.N.Y. 2015) ............................................................................. 9

*Davis v. Musler*,
   713 F.2d 907 (2d Cir. 1983) ........................................................................................... 8

*Enron Oil Corp. v. Diakuhara*,
   10 F.3d 90 (2d Cir. 1993) ........................................................................................... 3, 4

*Harring v. Pinckey*,
   342 F.R.D. 47 (W.D.N.Y. 2022) .................................................................................... 3

*Johnson v. New York Univ.*,
   324 F.R.D. 65 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) ................. 3, 4, 5

*Kryszak v. Norfolk Southern Corporation*,
   2020 WL 1445478 (W.D.N.Y. 2020) ............................................................................. 5

*McDermott v. Light the Region Media LLC*,
   2023 WL 8656783 (W.D.N.Y. 2023) ......................................................................... 3, 4

*Meehan v. Snow*,
   652 F.2d 274 (2d Cir. 1981) ....................................................................................... 4, 9

*Parisienne v. Heykorean, Inc.*,
   2019 WL 6324632 (S.D.N.Y. 2019) ........................................................................... 5, 7

*Pecarsky v. Galaxiworld.com Ltd.*,
   249 F.3d 167 (2d Cir. 2001) ........................................................................................... 8

*Sibley v. Choice Hotels Int'l, Inc.*,
   304 F.R.D. 125 (E.D.N.Y. 2015) ................................................................... 4, 6, 7

*Wharton v. Nassau County*,
   2010 WL 4878998 (E.D.N.Y. 2010) ................................................................. 6

**Rules**

Fed. R. Civ. P. 55(a) ............................................................................................ 3

Fed. R. Civ. P. 55(b) ............................................................................................ 3

Fed. R. Civ. P. 55(c) ......................................................................................... 3, 4

**PRELIMINARY STATEMENT**

The present lawsuit is the latest in a series of disputes between Plaintiff Tanya Borowski and Defendant West Irondequoit Central School District (the "District") over Plaintiff's resignation from the District in 2022. Default is not warranted in this matter because Defendant West Irondequoit Central School District (the "District") answered and appeared to defend against Plaintiff Tanya Borowski's claims recently filed in this Court. Plaintiff's claims of harassment and discrimination based upon her national origin, gender, and disability stem from her employment with the District between October 2020 and January 2022. Plaintiff filed claims with the Equal Employment Opportunity Commission and the New York State Division of Human Rights shortly thereafter. The District appeared and provided a full defense to Plaintiff's claims, and all evidence in this matter has been preserved since the District received Plaintiff's Equal Employment Opportunity Commission complaint in Spring 2022.

Although the District filed its Answer to the Complaint shortly after the deadline to respond expired, the delay was not willful, the Plaintiff was not prejudiced and the District has a meritorious defense to Plaintiff's claims. The District's delay in responding was due to an administrative oversight, and Plaintiff suffered no prejudice as a result of the short delay. The District did not discriminate against Plaintiff, its actions were legitimate and proper, and therefore it has a meritorious defense. Accordingly, Plaintiff's request for default judgment should be dismissed.

**BACKGROUND**

Plaintiff was hired by the District as a cleaner in October 2020. (Declaration of James Brennan ("Brennan Dec."), ¶ 17). She was assigned to Dake Junior High School working 5.75 hours per day as a ten-month employee. (Brennan Dec. ¶ 18). In November

1

2021, Plaintiff requested to work fewer hours to accommodate her Social Security Income cap. (Brennan Dec. ¶ 19). The District was unable to offer a shortened schedule at Dake Junior High School because the cleaning duties required the previously allocated 5.75 hours per day. (Brennan Dec. ¶ 20). Thus, the District offered Plaintiff the choice of two other positions which required fewer hours, one of which was located at an elementary school. (Brennan Dec. ¶ 20). Plaintiff accepted the elementary school cleaner position, but when it came time for her to report to her new building in January 2022, she did not do so, and instead continued to report to Dake Junior High. (Brennan Dec. ¶ 21). The District directed Plaintiff to report to the elementary school, but Plaintiff refused. (Brennan Dec. ¶ 22). During a meeting with District administrators in January 2022, Plaintiff stated she would not work at the elementary school and left the meeting, after which she indicated that she would return her keys. (Brennan Dec. ¶ 24). The next day the District confirmed in writing that it accepted Plaintiff's resignation. (Brennan Dec. ¶ 25).

On March 31, 2022 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and on August 5, 2022 she filed a complaint with the New York State Division of Human Rights. (Brennan Dec. ¶ 26). The District responded to both the EEOC and SDHR complaints. (Brennan Dec. ¶ 27). In January 2023 the SDHR issued a Determination and Order of Dismissal for Administrative Convenience and on July 24, 2023 the EEOC issued a Right to Sue letter. (Brennan Dec. ¶¶ 29-30). Plaintiff filed the instant lawsuit on October 10, 2023 again alleging disability and gender discrimination and retaliation, and adding claims of discrimination based on national origin. (Dkt. 1). The District was served on October 18, 2023, and filed its Answer on December 5, 2023. (Dkt. 3, 4). The District filed an Amended Answer on December

2

15, 2023. (Dkt. 6). On December 19, 2023, Plaintiff filed a request for entry of default which this Court construed as a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2). (Dkts. 8 and 9). On January 2, 2023, the Court directed the Clerk to enter default against the District, which the Clerk entered on January 3, 2023. (Dkts. 14, 15).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the procedures for obtaining default against a party. "First, a plaintiff must seek entry of default where a party against whom he seeks affirmative relief has failed to plead or defend in the action." *Harring v. Pinckey*, 342 F.R.D. 47, 50 (W.D.N.Y. 2022) (citing Fed. R. Civ. P. 55(a)). After default has been entered by the Clerk, "a plaintiff must next seek a judgment by default under Rule 55(b)." *Harring*, 342 F.R.D. at 50.

Pursuant to Rule 55(c) "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause is assessed by considering three factors: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Johnson v. New York Univ.*, 324 F.R.D. 65, 69 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). In the Second Circuit, "when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *McDermott v. Light the Region Media LLC*, 2023 WL 8656783, at *2 (W.D.N.Y. 2023).

The Second Circuit has a "strong preference for resolving disputes on the merits" rather than through default; therefore, "[g]ood cause should be construed

3

generously." *Johnson*, 324 F.R.D. at 69-70. Thus, the Second Circuit has cautioned that while "courts are entitled to enforce compliance with the time limits of the [Federal Rules of Civil Procedure] by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Accordingly, as "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

**ARGUMENT**

I. **The Entry of Default Should Be Vacated and Plaintiff's Motion for Default Judgment Denied.**

Under Rule 55(c), a "court may set aside an entry of default for good cause." Good cause for vacating default depends on whether the default was willful, whether the non-defaulting party suffered prejudice, and whether the defaulting party has a meritorious defense. *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 130 (E.D.N.Y. 2015); *McDermott v. Light the Region Media, LLC*, 2023 WL 8656783, at *2 (W.D.N.Y 2023). Here, the District can meet each of the three factors for establishing good cause. Further, there is a strong preference for resolving cases on the merits, so any doubt as to whether default should be granted should be resolved in favor of the defaulting party. *Id*. Therefore, the entry of default should be vacated and Plaintiff's motion for default judgment should be denied.

4

### A. The District's Delay Was Not Willful.

The District's delay in answering the complaint was not willful. It is well settled that "willfulness in the context of default refers to conduct that is *more* than merely negligence or carelessness." *Parisienne v. Heykorean, Inc.*, 2019 WL 6324632, at *2 (S.D.N.Y. 2019); *see also Kryszak v. Norfolk Southern Corporation*, 2020 WL 1445478, at *3 (W.D.N.Y. 2020) ("In determining the willfulness of a default, the Second Circuit has made clear that carelessness or negligence are insufficient to constitute willfulness."); *Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020); *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Rather, courts have found willfulness only where a defaulting party "acts deliberately, egregiously, or in bad faith." *Johnson*, 324 F.R.D. at 70; *Sibley*, 304 F.R.D. at 130 (finding of willfulness is appropriate "where there is evidence of bad faith or the default arose from egregious or deliberate conduct.").

In *Kryszak v. Norfolk Southern Corporation*, Judge Roemer set aside an entry of default entered by the clerk, after finding the defendant's failure to timely answer the complaint was not willful. There, the defendant failed to timely answer the complaint because the company's insurance broker took several weeks to determine the appropriate insurance coverage and because the first attorney it retained had a conflict of interest. 2020 WL 1445478 at *3 (W.D.N.Y. 2020). By the time the defendant retained new counsel, it had already defaulted. *Id.* The Court found that although the delay "was attributable to [defendant's] failure to expeditiously determine insurance coverage and retain conflict-free counsel, it cannot be described as willful or intentional." *Id.* at 3.

5

Similarly, in *Sibley v. Choice Hotels Int'l, Inc.*, the defendant attempted to secure insurance coverage when it was served with a complaint but was unable to retain counsel until after the deadline to answer. 304 F.R.D.125, 130. The Court held that although the defendant's failure to respond timely was "not desirable," given the circumstances and the short duration of the delay, the defendant's "conduct does not rise to the level of willfulness required to impose a default judgment." *Id.* at 131.

Further, the District Court for the Eastern District of New York denied a motion for default judgment and deemed a late answer timely filed in a similar situation in *Wharton v. Nassau County*, 2010 WL 4878998, at *2 (E.D.N.Y. 2010). There, defendant Nassau County filed its answer twenty-one days late, but before the *pro se* plaintiff moved for default judgment. The Court held the factors weighed in the defendants' favor, stating "the worst that can be said about Defendants' behavior is that they missed a deadline and then, without prompting by Plaintiff, corrected their mistake by filing an answer after a relatively short delay. Such conduct is arguably careless, but it does not rise to the level of willfulness required for a default judgment." *Id.*

Here, the District was served with the Complaint on October 18, 2023. (Dkt. 3). On October 19, 2023 the District submitted the Complaint to its insurer, New York School Insurance Reciprocal ("NYSIR") for defense and indemnification. (Brennan Dec. ¶ 8; Declaration of Andrew McGee ("McGee Dec.") ¶ 6). NYSIR informed the District that Webster Szanyi LLP would assigned to defend the District. (Brennan Dec. ¶ 10; McGee Dec. ¶ 7). Due to administrative oversight, defense counsel was not retained by NYSIR until December 5, 2023, by which time the District's deadline to respond to the Complaint had expired. (McGee Dec. ¶ 8). On December 5, 2023, immediately after being retained

to represent the District, this office appeared and filed an Answer. (Declaration of Heather Dechert ("Dechert Dec."), ¶¶ 4-5; McGee Dec. ¶ 10; Dkt. 4). The District's Answer was less than a month late and filed before Plaintiff requested an entry of default.

The District's delay in responding to the Complaint was neither willful nor intentional. NYSIR has insured the District for many years. Whenever the District is sued, it submits the summons and complaint to NYSIR, who assigns counsel. (Brennan Dec. ¶¶ 2, 5). Counsel then responds and defends the case on behalf of the District. (Brennan Dec. ¶ 6). By submitting the Complaint to its insurer and learning the name of the firm who would be assigned to represent it, the District reasonably believed that it had taken all steps necessary to ensure that an answer would be submitted on its behalf. (Brennan Dec. ¶¶ 10-11). Further, when the District did not hear from Webster Szanyi by late November, the District contacted NYSIR again to ensure that counsel was appearing on the District's behalf. (Brennan Dec. ¶¶ 12-13). The District's failure to timely respond to the Complaint was not due to deliberate or egregious conduct of the District, and was certainly not in bad faith. Further, the District filed its Answer without prompting by Plaintiff or the Court. The District's failure to respond to the Complaint within the time allowed was not willful; therefore, Plaintiff's motion for default judgment should be denied.

### B. Plaintiff Will Not Be Prejudiced.

Plaintiff will not be prejudiced by denial of the motion for default. It is well settled that "delay alone does not establish the prejudice required to defeat a motion to vacate a default." *Parisienne v. Heykorean, Inc.*, 2019 WL 6324632, at *2 (S.D.N.Y. 2019); *Sibley*, 304 F.R.D. at 131. Rather, the non-defaulting party must show that the delay "will result in the loss of evidence, create increased difficulties of discovery, or

7

provide greater opportunity for fraud and collusion." *Parisienne*, 2019 WL 6324632 at *2 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). It is "almost impossible to establish prejudice where the defaulting party filed an appearance with the Court less than one month after [the non-defaulting party] filed its motion for a default judgment." *Johnson*, 324 F.R.D. at 71 (citing *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013)).

In this case there is no reason to believe that evidence has been lost or that "vacating the default will result in difficulties of discovery." *Sibley*, 304 F.R.D. at 131. All relevant evidence in this case was preserved when Plaintiff filed her EEOC Complaint in March 2022. (Brennan Dec. ¶ 28).There is nothing to suggest that any evidence was lost in the short time between when the District's Answer was due and when the Answer was filed. (Dechert Dec.¶ 18). This case is in the early stages of discovery and the minor delay will not create increased difficulties of discovery or provide greater opportunity for fraud and collusion. Plaintiff cannot show that she was prejudiced by the District's delay in answering; therefore, her motion for default should be denied and entry of default vacated.

### C. The District Has a Meritorious Defense.

Finally, the District has meritorious defenses against Plaintiff's claims. To "satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Rather, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d

8

167, 173 (2d Cir. 2001). "According to the Second Circuit, this prong requires the defendant to meet a 'low threshold of adequacy.'" *Curry v. Penn Credit Corp.*, 2015 WL 6674922, at *5 (W.D.N.Y. 2015) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)).

The District has meritorious defenses to Plaintiff's claims. Plaintiff alleges that she was harassed and discriminated against based upon her gender, national origin, and disability. The facts and evidence, however, establish that Plaintiff was not discriminated against based upon any protected characteristic, and the District's actions were legitimate, lawful, and nondiscriminatory. (*See* full discussion of defenses in District's response to Plaintiff's EEOC charge, attached to the Brennan Declaration as Exhibit C.)

In short, Plaintiff did not notify the District she had a disability or request an accommodation due to a disability. (Brennan Dec. ¶ 19). Instead, Plaintiff notified the District she wished to work fewer hours to protect her SSDI. (Brennan Dec. ¶ 19). Although not legally obligated provide Plaintiff an accommodation to maintain benefits, the District immediately sought ways to accommodate her request to limit her working hours. (Brennan Dec. ¶ 20). Due to the size of the building and the District's needs, it was not possible to simply reduce the hours Plaintiff was working at Dake Junior High School. (*Id.*). The District offered Plaintiff two other assignments that required less hours. (*Id.*). Plaintiff accepted a position at the elementary school. (Brennan Dec. ¶ 21). Although she accepted the elementary school position, Plaintiff failed to report to work as scheduled and expressed discomfort with being in a school building alone. (Brennan Dec. ¶¶ 21-23). The District offered to modify Plaintiff's schedule so that she would start earlier when

other people would still be present in the building. (Brennan Dec. ¶ 23 ). Plaintiff did not accept this change and instead said she would not work in the assignment she had accepted, abruptly left and notified a co-worker she would turn in her keys. (Brennan Dec. ¶¶ 23-24). Despite Plaintiff's attempts to characterize this as a termination rather than a resignation, it is clear that she was not subject to any adverse action based of her disability, and there are no facts which suggest that the District harbored discriminatory animus toward Plaintiff. (Brennan Dec., ¶ 25, Ex. C).

Further, Plaintiff has not alleged a single fact to support claims of harassment or discrimination based on sex or national origin. (Dechert Dec. ¶ 19). Plaintiff's single untimely allegation that a coworker called her a "dirty dog" when he found out she had Ukrainian heritage is not actionable and cannot subject the District to liability. (Dechert Dec. ¶ 20).

Plaintiff's claims may also be barred in part by the applicable statute of limitations, her failure to exhaust administrative remedies and her failure to comply with mandatory prerequisites including filing a Notice of Claim regarding her Human Rights Law Claim, and her failure to timely file a Charge with the EEOC regarding all federal discrimination claims now asserted. (Dechert Dec. ¶ 21). The alleged unlawful or inappropriate actions were also the result of discretionary determinations, which provide immunity to Defendants. (Dechert Dec. ¶ 22). Finally, Plaintiff did not notify the District of a disability or request an accommodation; therefore, she has no viable claim under the ADA. (Dechert Dec. ¶ 23).  Thus, the District clearly has meritorious defenses and Plaintiff's request for default judgment should be denied and entry of default vacated.

## **CONCLUSION**

For the reasons set forth herein, and for the reasons set forth in the Declarations of Heather Dechert, Andrew McGee, and James Brennan along with the attached exhibits, this Court should deny Plaintiff's motion for default judgment, in its entirety, and vacate entry of default against the District.

Dated: January 5, 2023

                                         **WEBSTER SZANYI LLP**
                                         Attorneys for Defendant

                                By:   *s/ Heather L. Dechert*
                                       Heather L. Dechert
                                       Meghan M. Hayes
657 Persons Street
East Aurora, NY 14052
(716) 842-2800
hdechert@websterszanyi.com
mhayes@websterszanyi.com