UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Tanya Borowski,**

       Plaintiff,

   v.

**West Irondequoit Central
School District,**

       Defendant.

**DECISION and ORDER**

23-cv-6583-DGL-MJP

---

**APPEARANCES**

For Plaintiff:          **Tanya Borowski,** *pro se*
                                  853 Washington Ave
                                  Rochester, NY 14617

For Defendant:         **Heather L. Dechert, Esq.**
                                  **Meghan M. Hayes, Esq.**
                                  Webster Szanyi LLP
                                  657 Persons St
                                  East Aurora, NY 14502

**INTRODUCTION**

     Defendants—especially sophisticated ones—must ensure that they timely answer a plaintiff's complaint. Defendant West Irondequoit Central School District is no doubt a sophisticated defendant, having had able counsel in related administrative proceedings and now before me. And West Irondequoit has litigation insurance, as this motion shows. Yet West Irondequoit failed to answer *pro se* Plaintiff Tanya Borowski's complaint by the applicable deadline.

1

West Irondequoit contacted a third-party insurer, New York Schools Insurance Reciprocal ("NYSIR"), to determine if NYSIR would provide West Irondequoit with a defense. West Irondequoit staff assumed that was the end of what they had to do. Not so. West Irondequoit should have checked to make sure an answer was filed. NYSIR had an internal mix-up, causing NYSIR to fail to communicate with counsel the insurer planned to hire for West Irondequoit's defense.

While parties may make contractual arrangements to obtain a defense, those arrangements do not change court deadlines. I caution West Irondequoit and NYSIR: their contractual arrangement must not interfere with court proceedings.

Despite West Irondequoit's mistake, I hold that the Clerk's entry of default should be vacated in this case under the applicable test. First, the default was negligent—not willful. Second, the default will hardly prejudice Borowski. And finally, West Irondequoit puts forward a meritorious defense. I conclude that this case should be heard on its merits. I thus **ORDER** the Clerk of the Court to set aside the entry of default in this case.

### BACKGROUND

Borowski challenges West Irondequoit's decision to fire her from a part-time cleaner position. (*See generally* Compl., ECF No. 1, Oct. 10, 2023.) She alleges employment discrimination under Title VII, the Americans with Disabilities Act, and New York State Human Rights

2

Law, because of her national origin, gender, and disability. (*Id.* at 1–2; *see also id.* at 7 ¶¶ 1–4.)

### *Borowski appears to have exhausted administrative remedies.*

Before filing this case, Borowski filed a charge with the EEOC and an administrative complaint with the New York State Division of Human Rights. (*See id.* at 8.) Those administrative proceedings appear to be complete[1] because EEOC sent Borowski a right to sue letter. (*See id.*; see also* Brennan Decl. ¶ 30, ECF No. 17-2.) That said, I do not take a position on the merits of whether Borowski met any applicable administrative exhaustion requirement. It only appears that she has exhausted administrative remedies.

### *After possibly exhausting administrative remedies, Borowski files this lawsuit.*

Borowski filed suit on October 10, 2023. She served West Irondequoit on October 18, 2023. (ECF No. 3.) West Irondequoit's answer was due on November 8, 2023. (Summons, ECF No. 2, Oct. 10, 2023; Dechert Decl. ¶ 3, ECF No. 17-1, Jan. 5, 2024; Borowski Aff. in Support of Request for Entry of Default ¶ 4, ECF No. 8, Dec. 19, 2023.) West Irondequoit did not answer until December 5, 2023. (ECF No. 4.) The District amended its answer on December 15, 2023. (ECF No. 6.)

---

[1] West Irondequoit carefully notes that it "has preserved all relevant evidence related to [Borowski's] claims of discrimination since her EEOC claim was filed in March 2022." (Brennan Decl. ¶ 28, ECF No. 17-2.)

Noticing the gap between deadline and answer, Borowski wrote to the Court requesting an entry of default given the school district's late answer. (Request for Clerk's Entry of Default, ECF No. 8, Dec. 19, 2023.) My staff mistakenly read the request as a motion for default judgment under Fed. R. Civ. P. 55(b). But this was only a request for entry of default, the first of two steps towards default judgment. To correct the mistake, I issued a text order directing the Clerk of the Court to enter default. (ECF No. 14, Jan. 2, 2024.) The Clerk entered default a day later. (ECF No. 15, Jan. 3, 2024.) West Irondequoit then moved to vacate the entry of default. (ECF No. 17.) That is the motion pending before me.

***West Irondequoit explains its failure to answer the complaint by the deadline.***

West Irondequoit tells me that its failure to answer the complaint was due to a mix-up by its insurer, NYSIR. While Borowski asserts that this failure was intentional, she presents little, if any, evidence of this.

Borowski served her complaint on October 18, 2023. (Brennan Decl. ¶ 7, ECF No. 17-2.) Just a day later, West Irondequoit sent the summons and complaint to NYSIR by email. (*Id.* ¶ 8, Ex. A.) West Irondequoit assumed that NYSIR would retain counsel to represent West Irondequoit or that it "would issue a letter disclaiming coverage." (*Id.* ¶ 9.) West Irondequoit adds that one of their staff "spoke with NYSIR Claims Counsel Andrew McGee. He notified [West Irondequoit]

4

that he was going to assign this case to the law firm of Webster Szanyi LLP." (*Id.* ¶ 10.)

But it appears that McGee failed to assign Webster Szanyi LLP, despite receiving the complaint from West Irondequoit on October 19. (McGee Decl. ¶ 6, ECF No. 17-6.) About the mix-up, McGee states, "I intended to retain Webster Szanyi LLP to defend the District." (*Id.* ¶ 7.) McGee uses passive voice to indicate a mix-up occurred: "I believed that the Complaint was sent to Webster Szanyi LLP after I spoke with [ ] Mr. Brennan, but due to an administrative oversight the Complaint was not sent, and Webster Szanyi LLP was not assigned to represent the District until after the answer to the Complaint was due." (*Id.* ¶ 8.) Once West Irondequoit contacted McGee and NYSIR about the missed deadline, McGee "immediately sent the complaint to Heather Dechert and retained Webster Szanyi LLP." (*Id.* ¶ 9.) And the same day, Attorney Dechert filed a late answer for West Irondequoit. (ECF No. 4.)

Borowski does not respond to West Irondequoit's excuse much, if at all. Borowski's opposition focuses on the merits of her case. (*See generally* ECF No. 21, Jan. 18, 2024.) But my only task for this motion is to determine if this case should proceed towards default judgment. I will not consider her arguments about the merits of her case, except where they show that West Irondequoit "does not have a defense for the illegal actions taken against" Borowski. (*Id.* at 9.) The lack of a meritorious

5

defense is one of the factors courts must consider when deciding whether to vacate a default.

## MAGISTRATE JUDGE JURISDICTION

I may hear this motion because courts in the Second Circuit treat motions to set aside an entry of default as non-dispositive. *See, e.g., Kryszak v. Norfolk S. Corp.*, No. 117CV00530JLSMJR, 2020 WL 1445478, at *1 (W.D.N.Y. Mar. 25, 2020) (collecting cases). And I note that vacating the entry of default here is not dispositive of this case.

## LEGAL STANDARD

Fed. R. Civ. P. 55 sets the procedure by which a plaintiff can obtain default judgment. First, the plaintiff must obtain entry of default. *See* Fed. R. Civ. P. 55(a). Entry of default is "not discretionary." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). The plaintiff must show the defendant's failure "to plead or otherwise defend … by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Then, "[h]aving obtained a default, [the] plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (alterations added).

While Rules 55(a) and (b) are the steps towards default judgment, Rule 55(c) provides the defendant with a way out. "The Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "The standard for setting aside the entry of a default pursuant to [Rule] 55(c)

6

is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." *Flect LLC v. Lumia Prod. Co., LLC*, No. 21-CV-10376 (PKC), 2022 WL 1031601, at *2 (S.D.N.Y. Apr. 5, 2022) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

This way out reflects the idea that cases should be resolved on their merits—not default judgment. *See Meehan*, 652 F.2d at 276–77 (2d Cir. 1981). Courts may still refuse to vacate "a judgment where the moving party has apparently made a strategic decision to default." *Francis v. Ideal Masonry, Inc.*, No. 16CV2839NGGPK, 2020 WL 6737463, at *3 (E.D.N.Y. Nov. 17, 2020) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996)) (cleaned up). Although "the decision of whether to set aside a default is committed to the district court's discretion," refusal to vacate is the exception, not the rule. *Harring v. Pinckey*, 342 F.R.D. 47, 51 (W.D.N.Y. 2022) (citations omitted). After all, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

This case is not so close. I have no doubt that West Irondequoit shows the "good cause" needed to "set aside" the Clerk's "entry of

default." Fed. R. Civ. P. 55(c). West Irondequoit does this by prevailing on the factors that courts consider.

Courts considering motions under Rule 55(c) must assess three factors. The first is "whether the default was willful." *Enron Oil Corp.*, 10 F.3d at 96 (citations omitted). The second is "whether setting aside the default would prejudice the adversary. *Id*. And the third is "whether a meritorious defense is presented." *Id*. All these factors taken with the Second Circuit's preference for resolving cases on their merits favor vacating West Irondequoit's default.

## DISCUSSION

West Irondequoit prevails on each of the *Enron Oil* factors I noted. Accordingly, I find that the Clerk's entry of default should be vacated.

### *West Irondequoit establishes its default was not willful.*

Willfulness encompasses "conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998), *cert. denied*, 525 U.S. 931 (1998). "Of the three criteria, the issue of willfulness is the most important." *Harring*, 342 F.R.D. at 51 (citing *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013)).

Based on the declaration of NYSIR's counsel, West Irondequoit's failure to answer was due to "carelessness or negligence" and not "willfulness." *Am. All. Ins. Co.*, 92 F.3d at 59. This oversight does not amount

to "egregious" conduct that was "not satisfactorily explained." *McNulty*, 137 F.3d at 738.

Here, NYSIR's counsel, states that "due to an administrative oversight the Complaint was not sent, and Webster Szanyi was not assigned to represent [West Irondequoit] until after the answer to the Complaint was due." (McGee Decl. ¶ 8, ECF No. 17-6 (alteration added).) I find this is a "mistake made in good faith." *Kryszak*, 2020 WL 1445478, at *2 (quoting *Enron Oil Corp.*, 10 F.3d at 96). Given the lack of willfulness, the harsh result of default judgment is not warranted. *See id.*

Were that not enough, Borowski provides little, if any, concrete evidence about how West Irondequoit's failure was willful. On page nine of her opposition, she states, "I believe it was willful. The defendant does not have a defense for the illegal actions taken against me." (Opp'n, ECF No. 21, Jan. 18, 2024.) On the same page, she adds, "Defendant's delay of almost 30 days was deliberate. They could have contacted the courts to relay clear communication and ask for an extension on their response." (*Id.*) True, West Irondequoit could have checked the docket and asked for more time. But West Irondequoit's failure to contact this Court does not automatically mean that West Irondequoit's failure to answer was *willful*. It does, however, indicate that West Irondequoit was *careless*.

Had West Irondequoit taken the easy step of checking the public docket to see if an answer was filed before the deadline lapsed, it would have saved this Court's time. And it surely would have saved itself time, money, and headache. If this Court expects *pro se* litigants to understand and adhere to the summonses with which they are served, it surely expects the same of capable litigants like West Irondequoit. After all, the summons in this case plainly laid out the deadline for West Irondequoit to respond. (Summons, ECF No. 2, Oct. 10, 2023 ("Within 21 days after service of this summons on you (not counting the day you received it) … you must serve on the plaintiff an answer to the attached complaint.").) A capable litigant like a school district should be able to adhere to that.

But all the record shows here is *carelessness*—not *willfulness*. I see no evidence that West Irondequoit's default was, as Borowski asserts, "intentional to provide a greater opportunity [for] fraud." (Opp'n. at 10, ECF No. 21 (alteration added).) Once West Irondequoit had the complaint, it promptly relayed it to NYSIR. (Brennan Decl. ¶¶ 7–8, Ex. A, ECF No. 17-2.) West Irondequoit assumed that NYSIR would retain counsel. (*Id*. ¶¶ 9–10.) After resolving the mix-up, NYSIR assigned counsel, who immediately answered the complaint. (Dechert Decl. ¶¶ 4–5, ECF No. 17-1, Jan. 5, 2024.) Where, as here, the defendant "promptly attacks an entry of default, rather than waiting for grant of a default

10

judgment," that defendant is more likely "guilty of an oversight and wishes to defend the case on the merits." *Grant v. City of Blytheville, Arkansas*, 841 F.3d 767, 772 (8th Cir. 2016). This is carelessness—not willfulness.

### *Setting aside the entry of default will not prejudice Borowski.*

"[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Borowski must show that the delay has caused the loss of evidence or created increased difficulties in discovery or provided increased opportunity for fraud and collusion. *See id*. Borowski fails to show prejudice here.

West Irondequoit's delay of less than a month is hardly unreasonable, or prejudicial to Borowski. "Courts have found th[e] length of time to be significant in the default context." *Amalgamated Life Ins. Co. v. Boatswain*, No. 17CV00091PKCST, 2018 WL 4921646, at *2 (E.D.N.Y. July 20, 2018); *see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007), *aff'd*, 316 F. App'x 51 (2d Cir. 2009) (finding that plaintiffs' "*pro se* status does not excuse the defendants' complete failure to respond to the complaint for seven months … and only then after plaintiff moved for judgment by default"). As stated, when West Irondequoit and its counsel, Webster Szanyi LLP, learned that the answer deadline had lapsed, they moved quickly and filed an answer on the same day. (Brennan Decl. 13, Ex. B, ECF No. 17-2.) That is a far cry from the kind of delay that has led courts to conclude

11

differently about this factor. *See, e.g., Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund*, 779 F.3d 182, 186 (2d Cir. 2015) ("[T]he defendants failed to file a responsive pleading for over nine months after the receipt of the summons and complaint, nearly eight months after the defendants were informed that the plaintiffs had requested an entry for default, and six months after they were served with discovery demands.").

I also note that West Irondequoit told the Court that it has preserved relevant evidence in this case. Thus, it is unlikely that any delay here would "thwart plaintiff's recovery or remedy" or "result in the loss of evidence[.]" *Green*, 420 F.3d at 110. For these reasons, this factor wholeheartedly favors vacating the entry of default.

### *West Irondequoit presents a potentially meritorious defense.*

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co.*, 92 F.3d at 61 (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). "While a defendant need not establish his defense conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Harring*, 342 F.R.D. at 52 (quoting *Krevat v. Burgers to Go, Inc.*, No. 13-cv-6258 JS AKT, 2014 WL 4638844, at *6 (E.D.N.Y. Sept. 16, 2014)) (cleaned up).

12

Here, West Irondequoit has presented evidence that, if proven at trial, would be a complete defense to Borowski's claims. I note that this is not a finding on the merits. *See Am. All. Ins. Co.*, 92 F.3d at 61 (noting that "the defense need not be ultimately persuasive"). I find only that it is possible that West Irondequoit dismissed Borowski for legitimate reasons, such as her failure to report to work. And I likewise find that West Irondequoit may not have shown any animus towards Borowski, instead making discretionary decisions.

### *The Court will not strike West Irondequoit's answer for failure to make a motion pursuant to Rule 6.*

Under Fed. R. Civ. P. 12(a), West Irondequoit had 21 days to answer Borowski's complaint. But West Irondequoit filed its answer several weeks late. Does this require striking West Irondequoit's answer, or amended answer, since the school district did not also move under Fed. R. Civ. P. 6 for additional time? I answer no.

I begin with Rule 6 to explain why I am not striking West Irondequoit's answer. Normally, under Fed. R. Civ. P. 6(b)(1)(B), when a party wishes to make an untimely filing, it must do so by motion, demonstrating "excusable neglect." The Supreme Court requires as much: "any postdeadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) (discussing Fed. R. Civ. P. 6). Indeed, the Second Circuit has upheld a

district court's decision to deny the plaintiff the opportunity to amend its complaint based on a "late affidavit" submitted "without attempting to meet the requirements for late filing under Rule 6." *Shapiro v. Cantor*, 123 F.3d 717, 722 (2d Cir. 1997).

Yet courts in this Circuit have also noted that "[t]he practical effect of refusing to allow [the defendant] to answer is to enter a default against him." *Graves v. Corr. Med. Serv.*, No. 11-CV-1005A M, 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015), *aff'd*, 667 F. App'x 18 (2d Cir. 2016) (quoting *Pension Ben. Guar. Corp. v. Canadian Imperial Bank of Com.*, No. 87 CIV. 1046 (MBM), 1989 WL 50171, at *2 (S.D.N.Y. May 8, 1989)). Likewise, vacating entry of default is tantamount to allowing a defendant to file a late answer. *See id.* ("A motion to file a late answer is closely analogous to a motion to vacate a default" because "the party seeking to answer is given the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had then moved under Rule 55(c) to set it aside."). It would make little sense to vacate West Irondequoit's default here only to strike West Irondequoit's answer.

So, these courts use the same standard for permitting late answers and for motions to set aside the entry of default. *See, e.g., Car-Freshner Co. v. Air Freshners, Inc.*, No. 7:10-CV-1491 GTS/DEP, 2012 WL 3294948, at *5 (N.D.N.Y. Aug. 10, 2012) ("Generally," a motion to

14

file a late answer "is governed by the same standard that governs a motion to set aside an entry of default."). This may be a sound decision, considering that "the entry does not of itself determine rights." *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972); *see also Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986) (citing *Meehan* 652 F.2d at 276) ("The default notation is an interlocutory action; it is not itself a judgment.") The Supreme Court's language in *Lujan* gives me pause, though.

That is because, along with the excusable neglect standard, *Lujan* and the plain language of Rule 6 appear to require a *motion* when a party wishes to submit a late filing. Fed. R. Civ. P. 6(b)(1)(B) (extension of time may be granted, for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect"). Courts in this Circuit have adhered to this language. *See, e.g., Yahoo, Inc. v. Nakchan*, No. 08 CIV. 4581 LTS THK, 2011 WL 666678, at *1 (S.D.N.Y. Feb. 22, 2011) ("A court may, however, extend the time to answer for 'good cause,' but when there is a request for an extension after the time to answer has expired, a party must file a motion demonstrating that its failure to act was the result of 'excusable neglect.'"). Here, West Irondequoit may need both a vacateur of default and a deadline extension under Rule 6(b)(1)(B).

Because I find that West Irondequoit's motion under Rule 55(c) meets the excusable neglect standard, however, I will not strike or otherwise alter West Irondequoit's answers in this case. *See id.*; *see also In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998) ("Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control.") (internal citation omitted). West Irondequoit shows "good faith and a reasonable basis for noncompliance." *Id*. I thus need not resolve the tension between Rules 6 and 55.

For these reasons, I construe West Irondequoit's motion under Rule 55(c) as an application under Rule 6(b) and find that West Irondequoit's time to answer should be extended. *See Spurio v. Choice Sec. Sys., Inc.*, 880 F. Supp. 402, 404 (E.D. Pa. 1995) ("Plaintiff is correct that defendant's answer was technically untimely. Nevertheless, I will exercise my discretion to allow defendant's answer[.]"). While I will not strike the answer or amended answer, I note that West Irondequoit has expended its one as-of-right amendment to its pleading.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** West Irondequoit's motion to vacate entry of default. To the extent that Borowski's filings can be construed as a motion to finalize default judgment, the Court **DENIES** the same. The Court **DIRECTS** the Clerk of the Court

16

to take any steps necessary to set aside the entry of default in this case.

Finally, the Court will schedule a conference pursuant to Fed. R. Civ. P. 16 to put a scheduling order in place.

**IT IS SO ORDERED.**

Dated: February 7, 2024
Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge